UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN M. STATHAS, JR.,

        Petitioner,

v.                                                                                        Case No. 25-cv-0959-bhl
                                                                                      (Criminal Case No. 22-cr-0104-bhl)

UNITED STATES OF AMERICA,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

        On December 20, 2023, this Court sentenced Steven M. Stathas, Jr. to a term of one hundred and eighty (180) months' incarceration after he pleaded guilty to using a computer to entice a minor to engage in unlawful sexual activity. (Case No. 22-cr-0104-bhl, ECF No. 66.) Stathas has now filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Case No. 25-cv-0959-bhl, ECF No. 1.) This order screens the motion under Rule 4 of the Rules Governing Section 2255 Cases. Because Stathas has not presented any grounds that might entitle him to relief, the Court will deny his motion and terminate this matter with prejudice.

## BACKGROUND

        On May 3, 2022, the government filed a two-count Indictment charging Stathas with child enticement and committing a felony involving a minor as a registered sex offender. (Case No. 22-cr-0104-bhl, ECF No. 1.) On July 20, 2023, Stathas pleaded guilty to count one—using a computer to persuade/induce/entice a minor to engage in unlawful sexual activity. (*Id.*, ECF No. 50.) In his plea agreement, Stathas specifically acknowledged that he had read and fully understood "the nature and elements of the crimes with which he ha[d] been charged." (*Id.*, ECF No. 48 ¶3.) He further acknowledged that his attorney had fully explained to him "the charges and the terms and conditions of the plea agreement." (*Id.*) He admitted he was guilty of the offense in count one of the Indictment and that the facts set forth in the plea agreement both established his guilt beyond a reasonable doubt and were true and correct. (*Id.* ¶5.) The agreement also made clear that he was

subject to a maximum term of imprisonment of life in prison, a lifetime term of supervised release, a $250,000 fine, and special assessments. (*Id*. ¶6.) Stathas also expressly waived his right to appeal and his right to challenge his conviction and sentence in any post-conviction proceedings, "including but not limited to a motion pursuant to 28 U.S.C. § 2255." (*Id.* ¶34.)

The Court considered the plea agreement at a July 20, 2023 change-of-plea hearing. (*Id.*, ECF No. 50.) Stathas appeared in person and with counsel. (*Id*.) As required by Federal Rule of Criminal Procedure 11, the Court conducted a plea colloquy. Based on Stathas's responses to the Court's questions, the Court found: (1) Stathas was competent to offer a plea; (2) there was a factual basis for the plea; (3) Stathas offered the plea knowingly and voluntarily; and (4) Stathas had reviewed the plea agreement with his counsel and was satisfied with the representation he received. (*See id.*) The Court advised Stathas of his rights, the nature of the charges against him, and the maximum possible penalty. (*Id.*) The Court also advised Stathas that under paragraph 34 of the plea agreement, he was waiving his right to appeal his sentence and to challenge both his conviction and his sentence in any postconviction proceeding, including a federal habeas proceeding under 28 U.S.C. Section 2255, subject to limited exceptions. (*Id.*, ECF No. 74 at 22.)

On December 20, 2023, this Court sentenced Stathas to one hundred and eighty (180) months' incarceration and ten (10) years' supervised release; it entered judgment that same day. (*Id.*, ECF No. 66.) Despite having agreed that he was waiving his right to both a direct appeal and post-conviction relief under Section 2255, Stathas filed a notice of appeal on January 2, 2024. (*Id.*, ECF No. 69). The Court of Appeals dismissed Stathas's appeal on December 26, 2024, explaining that his guilty plea was valid and holding that it would "enforce the waiver provision limiting the scope of any appeal or collateral attack to discrete issues." (*Id.*, ECF No. 93 at 4.) The Court further held that his waiver was "enforceable to the same extent as the plea agreement of which it is part." (*Id*.)

While his appeal was pending, Stathas filed a *pro se* motion seeking the return of several items of property, including a Samsung cell phone that was seized by police in connection with his arrest and prosecution. (*Id.*, ECF No. 88.) On April 18, 2025, the Court granted Stathas's request in part and ordered his property returned to him but allowed the government to first "wipe" the contents of his phone. (*Id.*, ECF No. 101.) The government had expressed concerns that Stathas had used the phone to communicate with the victim in perpetrating his crime and the Court therefore ordered that the government could "wipe" the phone before returning it to ensure that all

communications between Stathas and his minor victim were erased. (*Id.* at 4.) In response to the Court's ruling, Stathas filed still more *pro se* motions seeking to withdraw his guilty plea and for reconsideration of the Court's ruling allowing the government to "wipe" his phone. (*Id.*, ECF Nos. 104 & 105.) On June 18, 2025, the Court denied both motions. (*Id.*, ECF No. 106.)

Stathas's latest effort is a motion under 28 U.S.C. § 2255, premised on a claim that his counsel was ineffective. (Case No. 25-cv-0959-bhl, ECF No. 1.)

## LEGAL STANDARD

The Court's first order of business in a Section 2255 proceeding is to review or screen the motion. Under Rule 4 of the Rules Governing Section 2255 Proceedings:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993)). A petitioner seeking relief under § 2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). At the screening stage, the Court considers whether the petitioner has raised claims that can be adjudicated in a Section 2255 proceeding, whether the petitioner has exhausted his claims, and whether he filed the motion within the limitations period.

A Section 2255 motion is not, however, a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (citing *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)). Any claims that a petitioner did not properly raise at trial or on direct appeal are typically procedurally defaulted and cannot be raised through a Section 2255 petition. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). There are several exceptions to this rule. Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). This is because a Section 2255 motion is a more appropriate

venue than direct appeal for raising ineffective assistance of counsel claims, as the "opportunity fully to develop the factual predicate for the claim" arises independent of the trial record. *Id.*

## ANALYSIS

Stathas's motion fails because he has not identified potentially meritorious claims that can be presented through Section 2255. Stathas waived his right to seek collateral review under Section 2255 in the plea agreement. (Case No. 22-cr-0104-bhl, ECF No. 48 ¶34.) The law is well established that waivers like this are enforceable so long as the terms are "clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." *See United States v. Worden*, 646 F.3d 499, 502 (7th Cir. 2011) (citing *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007)). In this case, Stathas's waiver is enforceable. The Seventh Circuit held that Stathas's guilty plea was valid and the "waiver is enforceable to the same extent as the plea agreement of which it is part." (Case No. 22-cr-0104-bhl, ECF No. 93 at 4.) The waiver clearly provides that he is giving up his right to seek Section 2555 post-conviction relief subject to three limited exceptions, (*id.*, ECF No. 48 ¶34), none of which apply here.

By its terms, Stathas's waiver does not prevent him from bringing a claim based on (1) any sentencing errors, including the substantive reasonableness of the sentence or the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (2) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (3) a claim that the plea agreement was entered involuntarily. (*Id.*); *see also United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014) ("The sole type of ineffectiveness claim we have said that a defendant may not waive is an ineffectiveness claim having to do with the waiver (or the plea agreement as a whole) and its negotiation."); *Bridgeman v. United States*, 229 F.3d 589, 591 (7th Cir. 2000) ("A plea agreement that also waives the right to file a § 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement.") (citing *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000)). But, again, none of the exceptions applies here.

Stathas tries to sidestep his waiver by asserting a claim for ineffective assistance of counsel. The waiver's exception for ineffective assistance claims is limited, however. The exception only covers claims that counsel failed to provide appropriate representation in connection with the negotiation of the plea agreement or at sentencing. The Seventh Circuit has confirmed that to avoid waiver on ineffective assistance grounds, a petitioner "must allege that he entered the plea

agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States*, 726 F.3d 964, 966–67 (7th Cir. 2013). "In other words, he must allege that the plea agreement was 'the product of ineffective assistance of counsel,' . . . or 'tainted by ineffective assistance of counsel[.]'" *Id.* at 967 (quoting *United States v. Jemison*, 237 F.3d 911, 916 n.8 (7th Cir. 2001); *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). Stathas's motion does not assert adequate grounds to circumvent his Section 2255 waiver and, even to the extent he did, his petition does not assert claims that have even arguable merit

Three of Stathas's grounds—one, three, and four—plainly fall outside even the limited grounds excepted from his waiver. In these grounds, Stathas alleges his attorney was ineffective by failing to file motions to suppress statements. (Case No. 25-cv-0959-bhl, ECF No. 1 at 5–7). As held by the Seventh Circuit, such challenges are expressly barred by the waiver. (Case No. 22-cr-0104-bhl, ECF No. 93 at 5.)

Stathas's remaining ground is that he received the ineffective assistance of counsel because his counsel failed to explain the consequence of the plea. (Case No. 25-cv-0959-bhl, ECF No. 1 at 6.) Stathas's complaint relates to the Court's subsequent ruling that he is entitled to the return of his cell phone only after the phone's memory is "wiped" to remove any contents related to the teenage girl that he molested. (Case No. 22-cr-0104-bhl, ECF No. 101 at 4–5.) He insists his counsel was constitutionally ineffective in failing to inform him before his guilty plea that his phone was derivative contraband and was subject to having its contents erased before being returned to him. (Case No. 25-cv-0959-bhl, ECF No. 1 at 6.) This claim is frivolous and cannot survive screening.

Contrary to Stathas's suggestion, the record confirms that counsel provided excellent representation and that no aspect of his representation brings into question Stathas's guilty plea. Indeed, the Court conducted a detailed colloquy with Stathas and concluded that Stathas had knowingly and voluntarily entered into the plea agreement. Stathas also confirmed under oath that he was satisfied with the performance of his counsel. The Court also specifically found that Stathas fully understood the rights that he was waiving and the terms of the plea agreement. Stathas stands properly convicted of using a computer to persuade, induce or entice a minor to engage in unlawful sexual activity—a charge to which he pleaded guilty. That counsel may not have discussed with him prior to the plea hearing that the phone he used to communicate with his victim might be subject to forfeiture or could have its contents "wiped" to protect the victim is not a basis to

question the validity of his plea agreement or the effectiveness of counsel's representation. *See e.g.*, *Galbraith v. United States*, 313 F.3d 1001, 1008–10 (7th Cir. 2002) (affirming district court's denial of Section 2255 motion where defendant failed to show that he was denied the effective assistance by trial counsel's alleged failure to advise him that by pleading guilty he was giving up his right to challenge the district court's suppression ruling and where defendant provided no evidence to support his allegations of counsel's deficient performance). The phone contained evidence of Stathas's criminal activities and communications with the minor and it will be returned to him only after being wiped for entirely lawful and legitimate reasons. Stathas's after-the-fact and conclusory assertions of ineffective assistance of counsel are not a basis for him to avoid the consequences of his express waiver of his right to file a Section 2255 petition. Stathas's motion is denied and this case dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Stathas's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 1, is **DENIED** and this action is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the motion should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 9, 2025.

                                                                             s/ *Brett H. Ludwig*
                                                                             BRETT H. LUDWIG
                                                                             United States District Judge